Thank you. May it please the Court, I'm Matt Adams with Northwest Immigrant Rights Project, appearing on behalf of the petitioner, Mr. Tang. Mr. Tang was admitted as a refugee over 20 years ago, but has now been found deportable based on his felony conviction for arson in the first and his misdemeanor conviction for sex abuse in the third. With regards to whether the arson conviction is an aggravated felony, the agency recognizes that it cannot categorically label the crime as a crime of violence. But in applying the modified categorical approach, the agency relies on its decision in Mater Palacios, where in Mater Palacios it held that arson was an aggravated felony because of the risk of harm that would result from the crime. But the Supreme Court has rejected this analysis in Leocal, and decisions from this Court have further explained it, that the definition of a crime of violence, when referring to the substantial risk, is referring to the substantial risk in the commission of the crime that intentional violent force will be used, as opposed to whether there's a substantial risk that harm will result from the crime. I have to say, I'm having trouble following that, so maybe you can help out a bit. Here, the charging document charged intentional conduct. Unlike the statute in Palacios, or however you pronounce that one, the statute here that was charged for count one has nothing to do with recklessness. On the other hand, 16b, upon which the Board did rely, does equate a crime of violence with a substantial risk of injury. So I'm just having trouble understanding the steps that your argument goes through. Well, let me start with the modified categorical approach, and whether the charge that was charged in the document, an intentional crime, was that which was necessarily found. Well, humor me for a second. Assuming that it did, then is there remaining force to your argument? Assuming that it did. If the Court necessarily found intentional use of force, then what remains to be reviewed there of the agency's flawed analysis is that they continue to rely on matter of Palacios, which looks at the result of harm from the crime, as opposed to whether in the commission of the crime, the intentional force is used. That is, in Leocal, for example, they were looking at drunk driving. And they said what's important is not whether there is a possibility of harm from drunk driving, because certainly there is. But instead, what's important is, is there a substantial risk that in drunk driving itself in the commission of the crime, you are intentionally using that violent force? Now this gets us back to the more important point, which is does the record of conviction demonstrate that he intentionally used force against another? And in that, as you stated, the government relied on the charging document and the allegation in the charging document. But the judgment and sentence does not confirm that he was convicted under subsection B. The judgment and sentence says that he was found guilty by court verdict two months earlier in both counts, count one in arson, count two in criminal mischief. But there's no reference to subsection A, nor did the Court But the count one mirrors subsection A. It has none of the facts set out in it that would even qualify for a B and C charge. It's just crystal clear that it charged intent. The allegation charged intent. But what's not crystal clear from our viewpoint is that the Court sustained it based on that allegation. They sustained On the charges in count one is what the judgment says. How can that be interpreted as anything other than as charged in count one? Because in count one, even in the allegation, they only explicitly stated the statute. They didn't state any subsection. And this contrasts The two B and C can't possibly apply. From our perspective, they certainly can apply given that under count B, for example, an individual can intentionally damage their own property. And even looking at the facts of this case, he could have intentionally damaged his own property, which recklessly resulted in fire to the condo building, resulting in $93,000 in damage. They didn't charge reckless. They charged intentional, and that's what they found him guilty of, right? They charged that he had been found guilty under the arson statute. And if you look at this Court's decision, for example, in United States v. Alvarez, there they relied on the verdict form, which explicitly stated that he was found guilty as charged. And this contrasts with United States v. Parker, where they did not include that verdict form. They didn't include jury instructions. And I think to make this even more concrete, let's look at the other conviction that he has here, the sex abuse conviction. In that case, he was charged as knowingly causing sexual contact to the victim. And that's what's at issue, whether he had knowingly caused sexual contact. And the board found that he had been convicted of knowingly causing sexual contact. But when you look at the plea agreement, he pled guilty to unlawfully causing sexual contact. And so we know that despite the language in the allegation, he was not found guilty of this particular allegation. Rather, he was found guilty under the statute itself. Now, in this case, we don't have the luxury of looking at the plea agreement, nor did the government include the verdict form or any jury instructions. No, but there wasn't any. This was obviously a court trial. And the court who did the trying said in the judgment of conviction and sentencing that it was on the facts in count one. And that is precisely a mirror of the statute. I don't know. I just don't get it. If I may, the court did not say on the facts in count one. It said he had been found guilty in count one. In the judgment and sentencing. Guilty of the crimes in count one. The crime that was listed in count one was arson in the first degree. There was no particular subsection. It was charged as intentional. It was charged in precisely the language of A. I mean, you can't disagree with that. We don't disagree that he was charged under the language mirror subsection A. But what we disagree with is that the record necessarily demonstrates that he was found guilty as charged. Otherwise it would render meaningless this court's decisions in United States v. Parker. In United States v. Alvarez where they talk about confirming that it was necessarily required by the court to demonstrate that he was guilty as charged. As opposed to simply being found guilty under the generic language of the statute. Did you ever raise your argument the government needed to present additional evidence in order to prove their case? Which it seems to me is the argument you're raising here to the BIA. Absolutely. This was first raised in a motion to terminate to the board. And it was raised to the BIA not only in the notice of appeal but in the brief itself. There the then who was called the respondent. Where is that in the record? In the record. If I may. I looked for it and I couldn't find it. If we go to the administrative record and we refer to page 229, that's the motion to terminate. But you're specifically asking regarding where is it in the before the BIA. Right. And if we look at administrative record page 26. 26. 26. I'll look. There you find the petitioner's brief to the BIA. And it's there where he argues that the crime could involve intentional force against his own property that recklessly resulted in damage to another property. Did you ever argue that the crime was missing the element of intentionality to the BIA? We did. Where? In that same section where they're explaining. Page 26. And where it discusses the fact that the statute has two separate subsections and only one of the subsections requires that the intentional use of force be applied against another individual. Without requiring the government to demonstrate with a verdict form that he had been convicted necessarily under subsection A, since the judgment sentence does not explicitly state that he was convicted under subsection A, the government is allowed to meet its burden without clear and convincing evidence, which goes against the case law from this court and the cases cited, United States v. Alvarez, United States v. Parker. Now, with regards to the sex abuse conviction, again, the immigration judge and the Board of Immigration Appeals made a clear error in moving beyond the elements of the statute and applying a modified categorical approach in the first place. And this is because the Oregon revised statute never requires any intent, any intentional act to commit the crime, simply not an element of the crime. And where a requisite fact or a requisite element is never required, then the prior fact is never permitted to move beyond the statutory language to look at the underlying elements, or rather, to look at the underlying facts to try to discern whether there was intentional conduct. And in order to go – but even if the adjudicator – Are you talking about the sexual abuse there? That's right, the sexual – Because you're really not arguing about arson, correct? That's right. I've moved on to the second charge of deportability. I understand. Okay. And in that case, in the second charge, the government was unable to meet their burden because the crime of sex abuse never, never involves the requisite intent. And both the board and this court have repeatedly affirmed that in order to sustain a charge involving moral turpitude, it must contain more than mere negligence. And the government now tries to provide a substitute rationale saying that the sexual purpose is sufficient or purpose of sexual gratification as defined under the Oregon statute is sufficient to demonstrate intent. But this argument, one, has already been rejected by this court in cases like Nunez v. Holder and Econor. And moreover, the government can't now attempt to provide an alternative rationale for the agency's decision. And likewise, we believe the government erred in asserting that arson is categorically a crime involving moral turpitude by dismissing the fact that under subsection B, someone can be convicted of intentionally damaging their own property as merely a theoretical possibility as opposed to a realistic probability. Well, but Rodriguez-Ferreira says arson necessarily involves moral turpitude and that that's undisputed. That is correct. But then this court in Jordanson made clear that it isn't necessarily where it doesn't require an intent to damage another person's property because it's all about evil intent. And where someone can destroy their own property in their own yard but doing it in a reckless manner, you lack that evil intent. But moving to the third degree sexual abuse, are you suggesting that we cannot look at this under a modified categorical approach? That is correct. And why? Because an element of the crime, a necessary element, is never required. And where a necessary element is never required, it doesn't facilitate the process. It doesn't help the adjudicator to apply the modified categorical approach because the modified categorical approach exists only to determine what elements were necessarily held by the court in sustaining the guilty verdict. But as I noted, even if you use the modified categorical approach, the board errs. The board states that he was found guilty of knowingly subjecting the victim to sexual contact, and that was what was charged in the information. But what he pled guilty to was very different. He pled guilty to unlawfully causing the victim to be subjected to sexual contact. And so regardless of whether they were permitted to look at the underlying facts of the case as evidence in the record of conviction, they still made a plain legal error. And for that reason that they cannot sustain their charge of deportability, that he had been convicted of two crimes involving moral turpitude. And I'll preserve the last minute and 20 seconds for rebuttal. Thank you. Thank you. May it please the Court, Gladys Stephens-Guzman on behalf of the Attorney General. The Board of Immigration Appeals was correct when it concluded that Tang, Mr. Tang, was removable for either his conviction as an aggravated felon, that is his conviction for a crime of violence, or for his convictions for two crimes involving moral turpitude. A crime involving moral turpitude, as this Court is aware, is one that shocks the public conscience because it is inherently base, vile, depraved, or contrary to the rules of morality and the duties owed to fellow man and society. Person to this Court's recent holding in Marmolejo, Campos, this Court decided that it owes deference to the Board's finding of a crime when it determines that it involves moral turpitude. And the definition of moral turpitude per the Board in these cases is usually when a crime is both reprehensible and involves some form of scienter. Mr. Tang's conviction for arson is both categorically, under the categorical approach and the modified categorical approach, a crime involving moral turpitude. Under the categorical approach, all subsections, regardless of what subsection he would have been found beyond a reasonable doubt guilty of, all subsections of 163.415, the 2004 version of that section, required some form of scienter because all subsections are ascribed to the fact that the actor needs to intentionally damage property through fire. So there is your scienter, your some form, any form of scienter that the Board requires. Not only that, but knowingly starting a fire for the purpose, for the exclusive purpose of damaging property, in a manner that is punishable by this statute, by any of these subsections, is a crime involving moral turpitude because it invariably requires that the actor so do in contravention to the duties owed to his fellow society. If you read the statute, the property he damages, be it his own property he damages by setting fire, will eventually be somebody else's. It will either be a firefighter or it will be somebody else's property or it will be... Do we have to get gray hairs over moral turpitude? Well, Your Honor, the important thing... We don't, but the important thing that this Court needs to be aware of is that if you don't find that his crime is one involving moral turpitude, but you find that his crime is an aggravated felony, his case is done. The same vice versa. That's why I said, do we have to worry about that? That's exactly why she asked the question. As the government, I need to defend both points. I know, but I'm just asking you whether we need to worry about it if the arson conviction is an aggravated felony or a crime of violence. If the Court finds that the arson conviction is an aggravated felony, no, we don't. If the Court finds that it's a crime involving both the arson and the sexual abuse are crimes involving moral turpitude, then we don't need to worry about whether the arson is an aggravated felony. That's the important part, and then the government wins. On the contrary, for Mr. Tang to prosper in his... My question was going to be, is your best argument under crime involving moral turpitude or is your best argument under the idea that this is, in fact, an aggravated felony? I propose it's both. Well, I was just surprised you started out with a crime involving moral turpitude when you've got a lot of cases on the book that, in our circuit, which is now being challenged, whether you can even get to a modified categorical approach on the third degree sexual abuse. And I didn't find either you or counsel suggesting that the categorical would be appropriate under that in evaluating the sexual abuse. For sexual abuse, no. The Board determined that wasn't... No, we've got to get to modified categorical. Yes, you... If we get to that, we've got to put Navarro-Lopez in the middle of it. That's why it would seem to me that one might ought to put, because it might ought to talk a little bit about aggravated felony. Well, either any of these crimes, we have both positive and negative cases for the government as well as for petitioners. So it doesn't matter where I start. We're going to have a case that we're going to have to distinguish. Okay, so what's the strongest negative case on an aggravated felony? Yes. An aggravated felony, I think the strongest case that petitioner can... for a petitioner... Yes. ...that I need to distinguish would be Jordison, because it's the one that deals with Fire and 16B. But in that case, which deals with a California penal code, that code, that section only speaks of recklessly setting fire. At no point does that section have the option of charging anyone with the intent to set fire or damage property. Not only that, the problem with that case was that it was one thing, but at the end of the day, pled to another thing and the court didn't have anything in the record to determine whether the property he eventually damaged and set fire to was his own property or somebody else's property. That is, that makes it plainly distinguishable and maybe even an opposite to petitioners to Mr. Tang's case. Okay. Speaking of cases, Mr. Adams, both in his brief and today, makes the argument that the BIA improperly relied on Palacios, or however it pronounces itself. Palacios. And that in and of itself somehow makes the whole decision infirm. What's your response to that? I think it's inappropriate. The government understands that. He might believe that based on Leocall and this court's decision in Fernandez-Ruiz and cases of this sort. But still, the government understands that matter of Palacios is applicable because Leocall, where it did find that a conviction based at the conviction was not a crime of violence because the statute under DUI, it doesn't discount the applicability of matter of Palacios because in that case in Leocall, the statute did not require any type of mental state. But in this case, the statute requires a certain mens rea from the very beginning that is applicable to all the statutes. And even applying the modified categorical approach to this case, Leocall still works because Mr. Tang pled to intentionally causing damage to another person's property through the use of fire. So in this case, matter of Palacios still works. Fernandez-Ruiz. Let me ask you, sir, the same question in a different way. Let's suppose that the BIA relies on some case that's problematic. Are we obliged to reverse because it cites to a problematic authority, or do we rather review its basic decision? I've said that clearly. Yes. When it comes to aggravated felonies and crimes involving moral turpitude, this Court reviews de novo, regardless of the application of problematic cases, reviews de novo whether or not the crime of conviction So it doesn't make any difference whether the BIA relied on that case or the case is good authority or not, does it? Only to the extent the Board uses it to determine whether the conviction was, in fact, an aggravated felony. Which we review de novo. Yes. So what difference does it make? What it did isn't what matters, what we do. And what we should do. But in this case, it didn't rely on iffy cases. I mean, under Brand X, it would have to be, under Brand X, it would have to be so an inherent inconsistency with its prior decisions. But as I understand Judge Rimer's question, she said, we don't care what they relied on because we're looking at a de novo. Am I right? Thank you for the translation. Well, yes. And therefore, why are we worried about what case they relied on? What we rely on is what the cases are and the appropriate application of the whole. Because in this case, well, yes, but in this case you also have to look into the modified categorical approach. Which we could do. Exactly. So I guess in accordance with this Court's inquiries, despite the, and it is the government's position that Matter of Palacios is not iffy and is very well applicable to this case because Fernandez-Ruiz and Leocal support the Board's decision in this case, despite the use of Palacios, this record does support that he intentionally, he had the requisite, intentional setting of fire, damaging of property through fire that is required under 16B as analyzed in Leocal. And reckless and firemen don't enter into it at all? No. Under the Oregon, in fact, Your Honor, under Oregon statute, the factual allegations contained in a charging document are necessarily part of the conduct which a fact finder is charged with at the moment he's deciding whether this person is to be found guilty or innocent. So regardless of count one saying, enumerating only the statute and then two paragraphs below, there you have, you find the factual allegations. Under Oregon statute and under Oregon case law, the fact finder, in this case a jury, that found him guilty beyond a reasonable doubt, was obliged to take into consideration those factual allegations. So despite count one only including the statutory number, the statute number, it also included that factual allegation further below in that page. If the other two were to be considered, they would have had to been charged. Exactly. They would have been charged. They would have been found in that charging document. If the bench doesn't have any more questions, crime involving moral turpitude, aggravated felony. All right. Thank you, Your Honor. We appreciate your argument. Counsel, I think you have a minute and a half. Thank you. Again, returning to the modified categorical approach of the arson conviction, the judgment and sentence states, and if I may read it, it appears to the court the defendant has been indicted, arraigned, tried, and found guilty by court verdict of the crimes of arson in the first degree in count one and criminal mischief in the first degree in count two. There is nothing, though, that was submitted by the government to demonstrate what that verdict form included. And we've had examples both with the Jordanson case and with the sex abuse case here where they're charged with one thing and then plead guilty to another. A similar thing could very well have happened before the court, but the government did not bother to provide the court verdict. And that is why in United States v. Parker, they found that there was enough because they had included the court verdict, but in United States v. Alvarez, the court found it was insufficient because it didn't state explicitly that he'd been found guilty as charged in the indictment. What we know necessarily occurred was that he was found guilty of arson, the general statute, and nothing more. And that is why the government has failed to meet its burden with clear and convincing evidence. And I thank you for your time. And I thank you for your argument. Case 9-71507, Pang v. Holder, is submitted.
judges: Walter, Rymer, Smith N. R.